Dr. C. W. HAMMOND, Jr., Appellant,

v.

The TRAVELERS INDEMNITY COMPANY, Appellee.

No. 1640.

Court of Civil Appeals of Texas, 14th District.

June 15, 1977.

Rehearing Denied July 6, 1977.

C. Andrew Wooley, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Walter T. Weathers, Jr., Sewell, Junell & Riggs, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This suit arises out of an indemnity agreement made to secure an alcoholic beverage surety bond.

In February 1972, the Travelers Indemnity Company (Travelers or appellee) issued a surety bond in the amount of $5,000 on behalf of "O.D.'s Inc." under the Texas Liquor Control Act. This bond was secured by an indemnity agreement entered into by appellee as indemnitee and the three owners of "O.D.'s" as indemnitors Jim O'Donnell (O'Donnell), Joyce Webb Rayburn (Rayburn) and Dr. C. W. Hammond, Jr. (appellant or Dr. Hammond). In June 1972, at the request of O'Donnell and the Texas Alcoholic Beverage Commission, the bond was increased by a corrective rider from $5,000 to $7,500 to secure the State against anticipated tax liability. In October of that year, the bond was again increased to $8,049.95. In February 1973, the Commission demanded payment of an $8,049.95 delinquent tax charge under the bond. As surety, appellee paid the amount and, in turn, requested indemnification from O'Donnell, Rayburn and appellant pursuant

to their written agreement. After the parties refused to pay, suit was filed to recover the $8,049.95 on a sworn account and, alternatively for breach of contract. Appellant answered denying liability under the indemnification agreement stating that the corrective riders increasing the amount of the bond were issued without his knowledge or consent. Both parties filed motions for summary judgment, and the court granted appellee's motion against appellant for the $8,049.95 plus interest. The judgment also recited that appellee's claim for attorney's fees and legal expenses would be severed into a different cause.

■ The question on appeal is whether the express terms of the indemnity agreement allowed for increases in the surety bond without notice to or consent by appellant. The pertinent language in the agreement provides:

Should the Travelers Indemnity Company, (hereinafter called the Company) execute or procure the execution of the suretyship hereinbefore applied for, or *other suretyship in lieu thereof or in connection therewith,* the Indemnitors do, in consideration thereof, jointly and severally and for each other undertake and agree:

\*    \*    \*    \*    \*    \*

and do hereby further bind themselves . . . to indemnify and save the Company harmless, and on demand to pay any and all claims, demands, loss and damages of every nature and kind, as well as *all legal and other costs, counsel fees* and expenses which the Company shall at any time sustain, directly or indirectly, by reason or in consequence of such suretyship, or *any renewal, extension, modification or continuation thereof, or Consent of Surety or additional suretyship,* whether before or after legal proceedings by or against the Company, and *whether with or without notice thereof to the Indemnitors.* [Emphasis added.]

We feel that this language is clear and unambiguous, and expresses an intent of the parties that appellant, as indemnitor, was obligated to indemnify appellee for any

claims or demands on the suretyship issued by appellee "or other suretyship in lieu thereof or in connection therewith   . .." This language alone contemplates the riders issued to increase the amount of the original surety. However, the provisions further state that appellant will indemnify appellee for all claims resulting from "such suretyship, or any renewal, extension, *modification* or continuation thereof, or Consent of Surety or *additional suretyship   . .."* [Emphasis added.] There can be no doubt that the terms "modification" or "additional suretyship" refer to increases in the amount of the surety bond. Appellee would have us apply the rules of strict construction favoring the indemnitor in interpreting these provisions and the recitals of the agreement. The intent of the parties being clear, however, we need only look to the ordinary rules of construction applicable to contracts in general. *See Ohio Oil Co. v. Smith,* 365 S.W.2d 621 (Tex.Sup.1963); *Mitchell's, Inc. v. Friedman,* 157 Tex. 424, 303 S.W.2d 775 (1957); *Gardner v. Smith,* 168 S.W.2d 278 (Tex.Civ.App.-Beaumont 1942, no writ); 42 C.J.S. *Indemnity* § 8 (1944).

■ We also consider this language broad enough in scope to clearly allow for the recovery of attorney's fees expended in enforcing the indemnity agreement. Appellant agreed to indemnify appellee for "all legal and other costs, counsel fees and expenses which the Company shall at any time sustain, directly or indirectly, by reason or in consequence of such suretyship . . .." It is evident that the intent of the parties was to provide for indemnification against all legal expenses incurred not only involving enforcement of the surety bond but also of the indemnity agreement. *See W. R. Grimshaw Co. v. Martin Wright Elec. Co.,* 283 F.Supp. 628 (W.D.Tex.1968), *rev'd on other grounds,* 419 F.2d 1381 (5th Cir. 1969), *cert. denied,* 397 U.S. 1022, 90 S.Ct. 1263, 25 L.Ed.2d 532 (1970).

All other points of error being considered the judgment of the trial court is affirmed.

Affirmed.